IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TYRRELL L. JONES-EILAND, :
:
       Plaintiff, :
:
  v. : Civil Action No. 22-111-CFC
:
CHIME FINANCIAL, INC., et al., :
:
       Defendants. :

Tyrrell L. Jones-Eiland, New York, New York.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 5, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Tyrrell L. Jones-Eiland appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) He commenced this action on January 27, 2022, pursuant to 42 U.S.C. § 1983, 15 U.S.C. § 1687a(f), and 15 U.S.C. § 1681. (D.I. 2) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that Defendant State of Nevada prolonged disbursing PUA (*i.e.*, Pandemic Unemployment Assistance) payments for over six months, sent a lump sum payment to Plaintiff's Chime checking account, and that Plaintiff then sent a portion of the monies to his secured credit card account. (D.I. 2 at 4) Within days of payment to Defendant Chime Financial Inc, through Defendant Stride Bank N.A., the systems of Defendant The Bancorp determined that Plaintiff's disbursement from the State of Nevada was fraudulent, cancelled Plaintiff's cards, held the money, and blocked all communications with Plaintiff. (*Id.*) Plaintiff alleges that his accounts were closed with no warning or legitimate notice. (*Id.*) In addition, Chime deferred all questions to the State of Nevada, which waited over a year before it sent Plaintiff a partial tracking number and refused to re-disburse Plaintiff's funds to a new banking account. (*Id.*) Plaintiff alleges that the State of Nevada holds Chime, Stride, and Bancorp responsible, while the three entities hold the State of Nevada responsible and indicate that it has the money. (*Id.*)

1

Plaintiff, who has been dealing with this matter since June 2020, seeks compensatory damages. (*Id.*)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before

2

dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See *Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See *Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. See *id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v.*

3

*Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

The allegations do not raise cognizable claims under 42 U.S.C. § 1983 for two reasons. First, the State of Nevada is immune from suit under the Eleventh Amendment, and it cannot be named as a party to a plaintiff's § 1983 civil rights claims. With respect to federal court cases, the State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. *See* NRS. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). The State of Nevada will be dismissed.

Second, there are no allegations directed to Defendant Nevada Governor Steve Sisolak. To the extent he is named as a defendant based upon his position as the governor, it is well-established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). In addition, the Complaint does not allege Sisolak's personal involvement. Claims brought pursuant to 42 U.S.C. § 1983 require a showing that a defendant was personally involved in the

4

alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). There are no such allegations. Therefore, Governor Sisolak will be dismissed.

**B.     Fair Credit Reporting Act**

Plaintiff invokes the Fair Credit Reporting Act by referring to 15 U.S.C. § 1681 and, the Court believes, 15 U.S.C. § 1681a(f).[1] Section 1681 sets forth Congressional findings and the statement of purpose of the FCRA. Section 1681a(f) provides the definite of the term "consumer reporting agency."

The Fair Credit Reporting Act was intended "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The Act imposes certain duties on both consumer reporting agencies and those who furnish information to such agencies. *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Claims against a furnisher of information can only be brought under 15 U.S.C. § 1681s–2(b). *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).

The Third Circuit explains the prerequisites that must be fulfilled before an individual may bring suit against a furnisher of information as follows:

> [A] consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute. It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate. It is only when the furnisher fails to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s–2(b).

---

[1] Plaintiff cites to 15 U.S.C. 1687a(f), but there is no such statute.

*Id.* at 359.

The allegations here do not contain sufficient factual information to state a claim. They do not suggest that Plaintiff filed a dispute with the relevant consumer reporting agency prior to commencing this action. Therefore, the FCRA claims will be dismissed. Plaintiff will be given to amend the claim.

**C.   Venue**

Finally, it appears from the allegations that the actions complained of occurred in the State of Nevada, and, therefore, it is not clear why the Complaint was filed in the United States District Court for the District of Delaware.

**IV.   CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Plaintiff will be given leave to file an amended complaint. Should Plaintiff amend, the amended complaint must include a basis for venue

An appropriate Order will be entered.