IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRRELL L. JONES-EILAND, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-111-CFC |
| CHIME FINANCIAL INC., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 12th day of December, 2022,

IT IS HEREBY ORDERED that:

1. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, 15 U.S.C. § 1687a(f), and 15 U.S.C. § 1681. (D.I. 2) On July 5, 2022, the Court screened the case pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed the Complaint, and gave Plaintiff leave amend. (D.I. 9, 10) Plaintiff filed an Amended Complaint on August 30, 2022. (D.I. 11)

2. The Court dismissed the original complaint as frivolous and based upon the immunity from suit. (D.I. 9 at 5-7) The Court observed that the original complaint did not state cognizable § 1983 claims and did not contain sufficient factual information to state a claim under the Fair Credit Reporting Act. (*Id.* at 6-7)

3. The Court's Memorandum Opinion and Order provided Plaintiff a roadmap on how to correct the pleading deficiencies. The Amended Complaint, however, did not cure the pleading deficiencies  Chime Financial is the only defendant mentioned in the Amended Complaint. The Amended Complaint, however, does not indicate under what

statute Plaintiff proceeds or seeks relief.  Indeed, there is no mention of any statute in the Amended Complaint.  As pled, the Amended Complaint fails to state claims upon which relief can be granted.

4.    Therefore, the Amended Complaint is **DISMISSED** for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  Because it is possible that Plaintiff may be able to state a claim, he is given one final opportunity to amend.  The second amended complaint shall be filed on or before **January** 20 **, 2023**.  The Clerk of Court will be directed to close the case should Plaintiff fail to timely file a second amended complaint.

_____
Chief Judge