IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRRELL L. JONES-EILAND, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-111-CFC |
| CHIME FINANCIAL, INC., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington on this Third day of May in 2023,

IT IS HEREBY ORDERED that:

1. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, 15 U.S.C. § 1687a(f), and 15 U.S.C. § 1681. (D.I. 2) On July 5, 2022, the Court screened the case pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the Complaint as frivolous and based upon the immunity from suit. (D.I. 9 at 5-7; D.I. 10) The Court observed that the complaint did not state cognizable § 1983 claims and did not contain sufficient factual information to state a claim under the Fair Credit Reporting Act. (D.I. 9 at 6-7) The Court noted also that venue appeared to be improper. (*Id.* at 7) The Court gave Plaintiff leave to file an amended complaint.

2. The amended complaint named only Chime Financial as a defendant and did not indicate under what statute Plaintiff was proceeding or seeking relief. (D.I. 11) In a December 12, 2022 Memorandum Order, the Court concluded that the amended complaint had not cured the pleading deficiencies outlined in the Court's previous Memorandum Opinion, and dismissed the amended complaint for failure to state a claim. (D.I. 12) The Court, however, gave plaintiff one final opportunity to amend his complaint, setting a deadline to do so of January 20, 2023. (*Id.* at 2)

3. Plaintiff failed to file a second amended complaint. On January 24, 2023, the Court dismissed the case. (D.I. 13)

4. On April 24, 2023, Plaintiff filed a document he described as a "reply" to the Court's January 24, 2023 Order. (D.I. 14) Therein, he expressed his general disagreement with the dismissal of his case and requested that "this Court take immediate action and provide emergency injunctive relief and order Chime to release all funds held back to Plaintiff immediately and allow this claim to proceed without further delay." (*Id.* at 3)

5. To the extent that the filing can be construed as a motion for reconsideration, it will be denied because it is untimely and fails to meet the standard for reconsideration. *See* Fed. R. Civ. P. 59(e); *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) ("A proper Rule 59(e) motion . . . must rely on one of

three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."). To the extent that the filing can be construed as a motion to reopen, it will be denied because, even were the Court willing to accept an untimely second amended complaint, Plaintiff has not indicated how he can cure the previously identified deficiencies.

Now therefore, IT IS HEREBY ORDERED that any and all relief requested in Plaintiff's April 24, 2023 filing (D.I. 14) is **DENIED**.

_____
Chief Judge